IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 24, 2008

## STATE OF TENNESSEE v. SANFORD LEE PARKER

**Appeal from the Circuit Court for Sevier County**
**No. 11037-III     Rex Henry Ogle, Judge**

---

**No. E2006-02412-CCA-R3-CD - Filed August 19, 2008**

---

The Defendant, Sanford Lee Parker, was convicted of felony driving under the influence (fourth offense or greater), child endangerment, violation of the implied consent law, and driving on a revoked license. For these convictions, the Defendant received consecutive terms of four years, eleven months and twenty-nine days, eleven months and twenty-nine days, and six months respectively. In this direct appeal, the Defendant challenges the sufficiency of the evidence to support his convictions for driving under the influence and child endangerment and contends that his sentence is excessive. After a review of the record, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

Amber D. Haas, Sevierville, Tennessee, Assistant Public Defender (at trial), and Steve McEwen, Mountain City, Tennesee, (on appeal) for the appellant, Sanford Lee Parker.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; James Dunn, District Attorney General; and Johnnie D. Sellars, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

At approximately 7:00 p.m. on March 5, 2005, Officer Ronnie Anthony France of the Gatlinburg Police Department was traveling southbound "on the parkway." At the time, traffic in the area was very heavy. A northbound white minivan swerved into his lane of traffic, and he blew his horn. As he looked toward the other vehicle, he observed that the eyes of the driver, the Defendant, "looked glazed." He then activated his blue lights and initiated a stop of the Defendant's vehicle.

Officer France approached the driver's side of the vehicle, and he smelled a strong odor of alcohol. Officer France also observed a woman inside the car and an "infant" in the backseat. The Defendant apologized for swerving into traffic, stating that he "was looking at some attraction or something." According to Officer France, the Defendant had bloodshot eyes and his speech was slurred.

When asked for his driver's license, the Defendant produced a North Carolina identification card. A check of the Defendant's identification revealed that he was driving on a revoked license.

Officer France returned to the vehicle and asked the Defendant to step out of the vehicle over to the sidewalk and perform three field sobriety tests—the "nine step heel-to-toe," the "finger-to-nose," and the "one-legged stand." According to Officer France, the sidewalk was "pretty flat." When the Defendant exited the vehicle, Officer France smelled alcohol on his breath.

Officer France demonstrated the tests for the Defendant, and the Defendant indicated that he understood the instructions. The Defendant was not able to complete the tests as instructed. He had trouble with his balance while attempting the "nine step heel-to-toe" test. As for the "finger-to-nose" test, the Defendant was unable to touch his nose. Before administering the third test, Officer France inquired if the Defendant had any medical condition that would have impeded his ability to complete the "one-legged stand" test, and the Defendant stated that he did not. The Defendant was thereafter unable to complete the "one-legged stand" test. In Officer France's opinion, the Defendant was intoxicated. The Defendant was placed under arrest for driving under the influence (DUI) and placed in Officer France's patrol car. There was no videotape of the Defendant's arrest.

During the sobriety tests, Officer David Norton, also of the Gatlinburg Police Department, arrived on the scene. Officer Norton observed that the Defendant was "unsteady on his feet" and "kind of wobbled" while performing the sobriety tests. When Officer Norton got close to the Defendant, he could smell alcohol. Officer Norton then moved Officer France's vehicle so that only one lane of traffic was blocked.

Following the arrest of the Defendant, both officers returned to the van to assess the woman's ability to drive the vehicle. Officer Norton smelled alcohol on the woman. However, the officers initially tried to work with the woman so as to not have to take the child into custody. The woman went to the back of the vehicle and opened it to get a playpen to place the child in. According to Officer Norton, the playpen was covered with empty beer cans. He estimated that there were probably twenty empty beer cans inside the vehicle and that some of the cans appeared to be "fresh" with condensation on them.

They administered sobriety tests to the woman, and she failed. She was then placed under arrest and also placed in Officer France's patrol car. When Officer France got inside his vehicle, he still smelled the odor of alcohol.

Upon arriving at the police department, Officer France asked the Defendant if he would submit to a Breathalyzer test, and he informed the Defendant of the implied consent law. The

Defendant declined to take the test and signed an implied consent form refusing the test. The woman's brother later picked up the child.

Following the traffic stop, the Defendant's vehicle was towed and later inventoried by Officer Michael Todd Myers. Officer Myers observed full beer bottles and cans behind the driver's and passenger's seats. He found five unopened Ice House bottles, five unopened Budweiser cans, and one unopened Ice House can. He also saw approximately thirty empty beer cans scattered throughout the car, mostly in the child's playpen.

On September 26, 2005, a Sevier County grand jury returned a four-count indictment against the Defendant, charging him with felony DUI (fourth offense or greater), child endangerment, violation of the implied consent law, and driving on a revoked license. A jury trial was held. At trial, the parties stipulated that the Defendant violated the implied consent law, that he was driving on a revoked license, and that he had three prior convictions for DUI. Following the conclusion of proof, the Defendant was found guilty as charged.

A sentencing hearing was held on January 31, 2006. The trial court sentenced the Defendant to four years for the felony DUI conviction, eleven months and twenty-nine days for the child endangerment conviction, eleven months and twenty-nine days for the violation of the implied consent law conviction, and six months for the driving on a revoked license conviction. All sentences were ordered to be served consecutively. The Defendant filed a motion for new trial, which was denied by the trial court on October 6, 2006. The Defendant then filed an untimely notice of appeal on November 13, 2006.[1] The case is now before this Court for our review.

## I. Sufficiency of the Evidence

On appeal, the Defendant argues that the evidence is not sufficient to support his convictions for DUI and child endangerment.[2] Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." A convicted criminal defendant who challenges the sufficiency of the evidence on appeal bears the burden of demonstrating why the evidence is insufficient to support the verdict, because a verdict of guilt destroys the presumption of innocence and imposes a presumption of guilt. See State v. Evans, 108 S.W.3d 231, 237 (Tenn. 2003); State v. Carruthers, 35 S.W.3d 516, 557-58 (Tenn. 2000); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This Court must reject a convicted criminal defendant's challenge to the sufficiency of the evidence if, after considering the evidence in a light most favorable to the prosecution, we determine that any rational trier of fact

---

[1] The State argues that the appeal should be dismissed because the Defendant's notice of appeal was untimely. It is the obligation of the Defendant to perfect his appeal properly and to demonstrate that the interest of justice merit waiver of a late-filed notice of appeal. See Tenn. R. App. P. 4(a). Here, he has offered no explanation for his untimely notice of appeal or how the interest of justice would necessitate waiver of the timeliness requirement. However, in this case, we will waive the timely filing of the notice of appeal and review the issues presented.

[2] He does not challenge his convictions for violation of the implied consent law and driving on a revoked license.

could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Hall, 8 S.W.3d 593, 599 (Tenn. 1999).

On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable and legitimate inferences which may be drawn therefrom. See Carruthers, 35 S.W.3d at 558; Hall, 8 S.W.3d at 599. A guilty verdict by the trier of fact accredits the testimony of the State's witnesses and resolves all conflicts in the evidence in favor of the prosecution's theory. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). Questions about the credibility of witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, and this Court will not re-weigh or re-evaluate the evidence. See Evans, 108 S.W.3d at 236; Bland, 958 S.W.2d at 659. Nor will this Court substitute its own inferences drawn from circumstantial evidence for those drawn by the trier of fact. See Evans, 108 S.W.3d at 236-37; Carruthers, 35 S.W.3d at 557.

The Defendant was convicted of DUI in violation of Tennessee Code Annotated section 55-10-401(a)(1), which requires a "person to drive or to be in physical control of any automobile or other motor driven vehicle on any of the public roads and highways of the state . . . while: (1) under the influence of any intoxicant . . . ." Tenn. Code Ann. § 55-10-401(a)(1). No blood alcohol test need be administered for a conviction of driving under the influence. State v. Gilbert, 751 S.W.2d 454, 459 (Tenn. Crim. App. 1988). Additionally, pursuant to Tennessee Code Annotated section 55-10-403, the conviction and punishment are enhanced if a defendant has prior DUI convictions. A person commits child endangerment who operates or controls a vehicle on a public thoroughfare while under the influence of an intoxicant and "who at the time of the offense was accompanied by a child under thirteen (13) years of age." Tenn. Code Ann. § 55-10-414(1).[3]

In this case, the Defendant's sufficiency argument is based upon the witnesses' credibility. The evidence in this case, viewed in the light most favorable to the State, showed that the Defendant swerved into oncoming traffic and almost hit Officer France. Officer France initiated a traffic stop. He observed that the Defendant had bloodshot eyes, slurred speech, and smelled of alcohol. Officer France then asked the Defendant to perform several field sobriety tests, and the Defendant did poorly on each test. Officer Norton also testified that the Defendant smelled of alcohol and stated that, while the Defendant was performing the sobriety tests, he appeared unsteady on his feet and had trouble standing. Empty, "fresh" beer cans were found inside the vehicle, along with several unopened bottles and cans of beer. Both officers opined that the Defendant was intoxicated at the time. The Defendant stipulated at trial that he had three prior DUIs. Moreover, the evidence was uncontradicted that a child under the age of thirteen had been riding in the automobile.

The jury obviously accredited the testimony of the officers. We reiterate that this Court will not re-weigh or re-evaluate the evidence. See Evans, 108 S.W.3d at 236. Questions about the credibility of witnesses, the weight and value of the evidence, as well as factual issues raised by the

---

[3] This statute was repealed by 2005 Tenn. Pub. Acts ch. 437, § 3, effective July 1, 2005. See Compiler's Notes, Tenn. Code Ann. § 55-10-414. The offense date was March 5, 2005; therefore, the statute was in effect at the time the Defendant committed the offense.

evidence are to be resolved by the trier of fact. Id. Accordingly, we conclude there was sufficient evidence to support the Defendant's convictions for felony DUI (fourth offense or greater) and child endangerment, and he is not entitled to relief on this issue.

## II. Sentencing

The Defendant's sentencing argument is two-fold. He contends that the length of his felony DUI sentence (four years) was excessive and that consecutive sentencing was not justified under the facts.

Before a trial court imposes a sentence upon a convicted criminal defendant, it must consider (a) the evidence adduced at the trial and the sentencing hearing; (b) the presentence report; © the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114; and (f) any statement the defendant wishes to make in the defendant's own behalf about sentencing. See Tenn. Code Ann. § 40-35-210(b);[4] State v. Imfeld, 70 S.W.3d 698, 704 (Tenn. 2002). To facilitate appellate review, the trial court is required to place on the record its reasons for imposing the specific sentence, including the identification of the mitigating and enhancement factors found, the specific facts supporting each enhancement factor found, and the method by which the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. See State v. Samuels, 44 S.W.3d 489, 492 (Tenn. 2001).

Upon a challenge to the sentence imposed, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d). However, this presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then the presumption is applicable, and we may not modify the sentence even if we would have preferred a different result. See State v. Fletcher, 805 S.W. 2d 785, 789 (Tenn. Crim. App. 1991). We will uphold the sentence imposed by the trial court if (1) the sentence complies with the purposes and principles of the 1989 Sentencing Act and (2) the trial court's findings are adequately supported by the record. See State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001). The burden of showing that a sentence is improper is upon the appealing party. See Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments; Arnett, 49 S.W.3d at 257.

---

[4] We note that the legislature has recently amended several provisions of the Criminal Sentencing Reform Act of 1989, said changes becoming effective June 7, 2005. However, the Defendant's crimes in this case occurred prior to June 7, 2005, and the Defendant did not elect to be sentenced under the provisions of the Act by executing a waiver of his ex post facto protections. See 2005 Tenn. Pub. Acts ch. 353, § 18. Therefore, this case is not affected by the 2005 amendments, and the statutes cited in this opinion are those that were in effect at the time the instant crimes were committed.

First, the Defendant makes the following argument that his four-year sentence for felony DUI is excessive: "It is not denied that [the Defendant] has a criminal history. However, the majority of his offenses are traffic and substance-abuse related. Therefore, [the Defendant] would assert that the court placed undue emphasis upon this factor and did not merit the maximum sentence as a multiple offender."

The trial court imposed a sentence of four years as Range II, multiple offender for the Defendant's Class E felony DUI conviction. See Tenn. Code Ann. 55-10-403(a)(1)(A). As a Range II offender, he was subject to a sentence of two to four years. See Tenn. Code Ann. § 40-35-112(b)(5). The trial court found that the Defendant possessed a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range and enhanced the Defendant's sentence to four years. See Tenn. Code Ann. § 40-35-114(1). The trial court's findings are supported by the record. The trial court noted the following convictions:

> He's got an evading arrest; a DUI in January of last year; evading arrest 2003; DUI in January of 2003; another one.
>
> And he's got an assault in 2001; another DUI 2001; failure to appear; something else that was dismissed; unlawful paraphernalia 2001; simple possession of marijuana 2001; driving on revoked; and that DUI; suspended license, misdemeanor marijuana; unlawful drug . . .
>
> . . . .
>
> . . . Felony escape; impaired driving; impaired driving; impaired driving; impaired driving; impaired driving again; DUI again; probation revocation; driving while impaired; assault; drugs; felony escape; misdemeanor larceny.
>
> My goodness, it just goes on and on. Theft; felony possession of cocaine; another driving on a revoked license; hit and run; another revoked; resisting arrest; speeding to elude arrest; reckless driving; another revoked; unlawful drug paraphernalia; simple possession; another unlawful drug paraphernalia; simple possession.
>
> . . . A possession of a stolen vehicle.

The trial court then observed that the Defendant had forty "significant convictions" many of which were alcohol-related offenses and that the large number of convictions were "overwhelming." In our view, the record supports the imposition of the maximum sentence based upon the Defendant's criminal history.

Next, the Defendant asserts that the trial court erred by ordering that the sentences be served consecutively. Tennessee Code Annotated section 40-35-115(b) provides that it is within the trial court's discretion to impose consecutive sentencing if it finds by a preponderance of the evidence that any one of the following criteria applies:

(1) The defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood;

(2) The defendant is an offender whose record of criminal activity is extensive;

(3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6) The defendant is sentenced for an offense committed while on probation; or

(7) The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b). These criteria are stated in the alternative; therefore, only one need exist to support the imposition of consecutive sentencing. State v. Adams, 973 S.W.2d 224, 231 (Tenn. Crim. App. 1997).

In State v. Wilkerson, our supreme court imposed two additional requirements for consecutive sentencing when the "dangerous offender" category is used: The court must find consecutive sentences are reasonably related to the severity of the offenses committed and are necessary to protect the public from further criminal conduct. 905 S.W.2d 933, 937-38 (Tenn. 1995). Although such specific factual findings are unnecessary for the other categories enumerated in Tennessee Code Annotated section 40-35-115(b), the imposition of consecutive sentences is also "guided by the general sentencing principles that the length of a sentence be 'justly deserved in relation to the seriousness of the offense' and 'no greater than that deserved for the offense committed.'" Imfeld, 70 S.W.3d at 708 (quoting Tenn. Code Ann. §§ 40-35-102(1), -103(2)); State v. Lane, 3 S.W.3d 456, 460 (Tenn. 1999)).

At the sentencing hearing, the trial judge made the following statements regarding his decision to run the Defendant's sentences consecutively to one other:

First of all, as to multiple convictions, he is now sentenced for an offense committed while on probation. And, in addition, more than necessary convictions to increase him within the [range] going above and beyond that. His record is just absolutely overwhelming. To put it mildly and in the kindest light, I conclude he's a danger to society. Especially when he is driving. He's—he's just—he's a danger out there, based on his record.

And for those reasons alone on his criminal history and that this offense was committed—these offenses were committed while he was on probation, the Court hereby orders all three of those to be served consecutively. Likewise, the Court would note in passing that concerning the Court—the Court could find that he is a dangerous offender; his behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high. Again, the Court is not placing any weight upon that factor, but the Court did find that factor.

Relying upon the Defendant's extensive criminal record, the trial judge concluded that the Defendant was eligible for consecutive sentences under Tennessee Code Annotated section 40-30-115(b)(2). The Defendant acknowledges that he has a criminal history but argues that consecutive sentencing in this case resulted in an excessive sentence: "[The Defendant] would reiterate that his record consists mainly of petty offenses that do not merit enough consideration to justify consecutive sentencing." Furthermore, the Defendant correctly points out that he was on parole in North Carolina rather than probation at the time he committed the present offenses.

The record in this case establishes an extensive criminal history. As noted by the trial court, the Defendant's criminal history, consisting of "some 40 different convictions of significance," is "just absolutely overwhelming." His criminal record spans a period of almost twenty years, encompassing most of his adult life, and is more than sufficient to warrant the imposition of consecutive sentencing. We conclude that the effective sentence is neither unduly severe nor undeserved. Therefore, we affirm the imposition of consecutive sentences.

## CONCLUSION

Based on the foregoing reasoning and authorities, we conclude that the evidence is sufficient to support the convictions for felony DUI and child endangerment and that the sentence as imposed is not excessive. The judgments of the Sevier County Circuit Court are affirmed.

_____
DAVID H. WELLES, JUDGE